# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

REBECCA A. SANNING,

        Plaintiff,                    Case No. 3:09-cv-132

vs.                                              Judge Thomas M. Rose

MICHAEL J. ASTRUE,                Magistrate Judge Michael R. Merz
Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING SANNING'S OBJECTIONS (Doc. #15) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #14) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S DECISION THAT SANNING WAS NOT DISABLED BEFORE OCTOBER 26, 2004 AND AFTER DECEMBER 31, 2005; AND TERMINATING THIS CASE**

_____

Plaintiff Rebecca A. Sanning has brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Defendant Commissioner of Social Security (the "Commissioner") finding that she is entitled to a closed period of disability starting on October 26, 2004, and ending on December 31, 2005.[1] On April 13, 2010, United States Magistrate Judge Michael R. Merz entered a Report and Recommendations (doc. #14) recommending that the Commissioner's decision that Sanning was not disabled before October 26, 2004 and after

---

[1]Sanning filed an action in this Court seeking judicial review of the Commissioner's decision that she was not disabled beginning September 30, 2003. The matter was remanded for further administrative proceedings. On remand, Judge Armstead conducted a hearing and subsequently found that Sanning is entitled to a closed period of disability starting on October 26, 2004, and ending on December 31, 2005. The Appeals Council denied Sanning's request for review.

December 31, 2005 be affirmed. Sanning subsequently filed Objections (doc. #15) and the Commissioner responded to Sanning's objections (doc. #16). This matter is, therefore, ripe for decision.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #14) and in Sanning's Objections (doc. #15) and the Commissioner's Response (doc. #16), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing, affirms the Commissioner's decision that Sanning was disabled starting on October 26, 2004 and ending on December 31, 2005 and that Sanning was not disabled before October 26, 2004 and after December 31, 2005. Finally, Sanning's Objections to the Magistrate Judge's Report and Recommendations are overruled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the Administrative Law Judge's ("ALJ's") decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*,

*supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right. *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is supported by substantial evidence and the ALJ applied the correct legal criteria. WHEREFORE, based upon the aforesaid, Sanning's Objections to the Magistrate Judge's Report and Recommendations (doc. #15) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #14) in its entirety. The Commissioner's decision that Sanning was disabled starting on October 26, 2004 and ending on December 31, 2005 and that Sanning was not disabled before October 26, 2004 and after December 31, 2005, is AFFIRMED.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Thirteenth Day of May, 2010.

.                                   **s/Thomas M. Rose**
                                    _____
                                    JUDGE THOMAS M. ROSE
                                    UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record